## JOSEPH E. SPRAGUE *vs.* GEORGE WHEATLAND.

Where an attachment of goods is dissolved by an assignment of the debtor's property, under *St.* 1838, *c.* 163, the officer's bailee of the goods, who has undertaken to re-deliver them to him, is discharged from his undertaking, although he has an indemnity against any loss he may sustain by it.

AS̀SUMPSIT on a receipt given by the defendant for ash lumber, chaise bodies, coach harnesses, &c. of the value of $600, which had been attached by the plaintiff, sheriff of this county, as the property of John D. Hunt, on a writ against him in favor of Edward L. Perkins, and which the defendant promised to deliver to the plaintiff on demand.

It was agreed by the parties, that the said property was attached by the plaintiff, as abovementioned, and that the defendant gave him the receipt declared on, and immediately took a mortgage from said Hunt of the same and other property to indemnify himself. A few days afterwards, N. Brown took possession of said property, as messenger, and, at a later day, as assignee of said Hunt, under the insolvent law, and has since sold the same, and retains the proceeds in his hands to abide the event of this suit ; the defendant having given him notice not to pay over said proceeds to the creditors of Hunt.

The plaintiff made a demand on the defendant for the property aforesaid, within thirty days after judgment was recovered in Perkins's said action against Hunt.

*Waters*, for the plaintiff.

*Wheatland, pro se.*

SHAW, C. J. Understanding, as we do, that a regular process of insolvency against Hunt was instituted under *St.* 1838, *c.* 163 ; that Brown was appointed messenger, and afterwards assignee of the estate of Hunt, and demanded the property in question before judgment was obtained in the suit of Perkins against Hunt ; we are of opinion that the attachment was thereby dissolved, and that the property was rightfully taken possession of by Brown, as assignee. *Bigelow* v. *Pritchard*, 21 Pick. 169. The only interest of the plaintiff in the property was the lien

caused by the attachment. The defendant was the mere bailee of the sheriff, to keep the goods for him, under the attachment and when they were rightfully delivered to the assignee, after the attachment was at an end, the obligation of the bailee to restore them was at an end too. The fact, that the bailee took an indemnity against any loss he might sustain by the obligation, did not enlarge or extend that obligation.

*Plaintiff nonsuit.*